Rup, J.
BACKGROUND
The Commonwealth filed a petition, pursuant to G.L.c. 123A, 12, seeking to have the respondent, Kyle Mahan, committed to the Massachusetts Treatment Center. The respondent waived his right to trial by jury, pursuant to G.L.c. 123A, 14.
After trial, based upon the credible evidence and reasonable inferences drawn therefrom, I find and rule as follows.
FINDINGS OF FACT AND RULINGS OF LAW
1. On July 19, 2001, the respondent pleaded guilty to Indecent Assault and Battery on a Child under Fourteen, in violation of G.L.c. 265, 13B.[1] Indecent Assault and Battery on a Child Under Fourteen is a “sexual offense” as defined by G.L.c. 123A, 1.[2]
On January 27, 1998, the respondent pleaded guilty to five counts of Unnatural Acts with a Child under Sixteen, in violation of G.L.c. 272,35A, and five counts of Open and Gross Lewdness, in violation of G.L.c. 272, 16.[3] On that same date, he also pleaded guilty to an additional charge of Open and Gross Lewdness, in violation of G.L.c. 272, 16.[4]
3. The offenses to which the respondent pleaded guilty in January 1998, involved incidents which occurred in September 1997. According to the witness statements, the respondent drove past a group of school children (most of whom were 8 years old) who were walking to school. When he drove near the children and asked for directions, the children saw that he was naked from below the waist and was masturbating. It appears that the respondent engaged in similar conduct before some of the same children one or two days after the first incident.
4. After accepting the respondent’s guilty pleas to the 1997 offenses, the court (Timothy Hillman, J.) imposed concurrent sentences of 2 Viz years to the Worcester House of Correction, of which 6 months were to be served and the balance of 2 years would be suspended for a period of probation until January 25, 2002. Special conditions of probation included sex offender counseling and an order that respondent have no contact with children. The respondent committed the 2001 offenses while under probation supervision.[5]
5. The offenses to which the respondent pleaded guilty in 2001 involved his 10-year-old step-daughter and her 10-year-old friend. According to police reports of witness statements, two girls walked past the defendant’s bedroom a number of times and could see the defendant was masturbating because he left the bedroom door open. One day while watching television, the defendant rubbed the leg and then the vagina of his stepdaughter’s 10-year-old friend.
6. On November 25, 2003, following a hearing, the court determined that probable cause existed to believe that the respondent is a sexually dangerous person. See G.L.c. 123A, 12. Thereafter, two Qualified Examiners evaluated the respondent and each filed with the Court a written report of examination and diagnosis, as well as a recommendation of disposition of the instant matter. See G.L.c. 123A, 13(a). Trial of the Commonwealth’s petition took place on April 27, 2004.
7. Dr. William Hazelett and Dr. Carol Feldman, the two Qualified Examiners, testified during trial. I accept their opinions that the respondent suffers from a mental abnormality. As defined by G.L.c. 123A, 1, “mental abnormality” is a congenital or acquired condition of a person that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. The credible evidence convinces me beyond a reasonable doubt that the respondent suffers from a mental abnormality: pedophilia. As set forth in the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision, the diagnostic criteria for pedophilia are:
A. Over a period of at least six months, the person has had recurrent, intense, sexually arousing fantasies, sexual urges or behavior involving sexual activity with a prepubescent child or children (generally age thirteen or younger).
B. The person has acted on these sexual urges or the sexual urges or fantasies cause the person marked distress or interpersonal difficulty.
C. The person is at least sixteen years old and is at least five years older than the child or children in criterion A.
Here, between 1997 and 2001, the respondent engaged in recurrent sexual behavior with children under the age of 11. I find that despite a four-year period between his offenses, the respondent’s conduct *714 was “recurrent,” as that term is ordinarily understood and defined: “occurring . . . again or repeatedly.” The American Heritage College Dictionary (3rd Ed. 1993) 1143.
The respondent acted on his sexual urges by exposing himself and/or masturbating before these children and, in 2001, by rubbing the genital area of a 10-year-old girl. In 2001, the respondent engaged in conduct with his 10-year-old step-daughter and her 10-year-old friend despite being under probationary supervision for his 1997 conduct. The respondent was 28 years old at the time of the offenses and 31 years old at the time of the 2001 offenses. All offenses involved children under the age of 11.
8. Dr. Leonard Bard and Dr. Joseph Plaud both opine that the respondent does not suffer from pedophilia because he engaged in only one sexual contact offense. They opine that his propensity is for non-contact sexual offenses and that his exposure before children was a means of relieving stress and not sexually arousing to him. Both experts based their opinions upon an acceptance of the respondent’s explanation of the motivations for his behavior. They both view pedophilia as a disorder requiring actual sexual contact with children and do not consider the respondent’s non-contact sexual activities as indicative of pedophilia. While I find their opinions somewhat illuminating, I do not find them persuasive.
9. The credible evidence convinces me beyond a reasonable doubt that as a result of the mental abnormality from which the respondent suffers, he is likely to reoffend if not confined to a secure facility. I find significant the following risk factors as apply to the respondent. He has engaged in non-contact and contact sexual behavior with multiple young (under age 11) children. Despite court supervision and the threat of imposition of a 2-year suspended sentence, the respondent engaged in conduct nearly identical to that of which he had been convicted and incarcerated, and for which he was under probationary supervision. The respondent exhibits a pattern of deviant sexual arousal regarding children. In the 1997 offenses, the respondent engaged in conduct toward children (primarily girls) who were strangers and unrelated to him. In the 2001 offenses, the respondent engaged in conduct with a 10-year-old girl who was not a family member. During an interview, the respondent stated that he engaged in sexual contact with this girl “in order to go further.” Furthermore, he engaged in an actual sexual contact with this 10-year-old girl while under probationaiy supervisionan escalation of the conduct in which he engaged earlier. To date, he has made limited progress in treatment specifically addressing his disorder. He acknowledges that he did not disclose to his therapist that he was engaging in sexual conduct toward minors.
10. Using the RRASOR Actuarial Assessment Protocol and the STATIC-99 Actuarial Assessment Protocol, Dr. Plaud acknowledges that the respondent’s scores place him in a medium-to-high risk for sexual offense recidivism. However, Dr. Plaud opines that these scores do not accurately reflect the respondent’s risk of recidivism because the assessment equations include the respondent’s non-contact offenses. In Dr. Plaud’s view, the respondent’s sexual offense histoiy of primarily non-contact offenses at most puts him at risk to re-offend with non-contact offenses. He also opines that appropriate community controls would be in place to minimize any possible risk of the respondent re-offending.
11. Dr. Bard also discounts the respondent’s STATIC-99 and RRASOR scores because they take into account non-contact offenses. In forming his opinion that evidence does not demonstrate that the respondent is “likely” to re-offend, Dr. Bard also relies on the Minnesota Sex Offender Screening Tool-Revised, which scored the respondent in the low range for recidivism. Like Dr. Plaud, Dr. Bard relies on the respondent’s denials that he has sexual fantasies about children and his “sexual self-regulation” since 2001. Dr. Bard also gives significance to the fact that the respondent will be under probationary supervision until 2010.
12. Despite these opinions, I found more persuasive the opinions presented by Dr. Hazelett and Dr. Feldman. The evidence and reasonable inferences I have drawn therefrom convince me beyond a reasonable doubt that the respondent is “likely to engage in sexual offenses if not confined to a secure facility.” G.L.c. 123A, 1. The respondent has not made significant progress toward completing sex offender treatment. He has a history of re-offending while on probation for sexual offenses directed toward children. He acknowledges that he did not report the new offenses to his therapist even though he was undergoing sexual offenders’ treatment at the time he re-offended.
13. The evidence convinces me beyond areasonable doubt that the respondent is a sexually dangerous person, as defined by G.L.c. 123A, 1.
ORDER FOR JUDGMENT
For the reasons set forth above, it is hereby ORDERED the judgment shall enter that the respondent, Kyle Mahan, is a sexually dangerous person as defined by G.L.c. 123A, 1. It is further ORDERED that the respondent be committed to the Massachusetts Treatment Center for an indeterminate period of a minimum of one day and a maximum of his natural life, G.L.c. 23A, 14(d), until discharged pursuant to the provisions of G.L.c. 123A, 9.

 Fitchburg District Court No. 0116CR000866.

On that same date, the respondent was also convicted of Open and Gross Lewdness, in violation of G.L.c. 272, 16. At the time the Commonwealth filed the instant petition, G.L.c. 123A, 1, did not include that offense among those enumerated as “sexual offense[s].” Prior to trial, the Mas *715 sachusetts General Court amended G.L.c. 123A, 1A, to include as a “sexual offense” the crime of Open and Gross Lewdness. See Ch. 66 of Acts of 2004, effective April 7, 2004. Despite that intervening amendment, the Commonwealth advised the court that at trial it would rely only on the conviction of Indecent Assault and Battery on a Child under Fourteen as the predicate “sexual offense.”

Fitchburg District Court No. 9716CR002257.

Fitchburg District Court No. 9716CR002782.

On July 19, 2001, at the same time that the respondent pleaded guilty to the 2001 offenses, the court (Edward Reynolds, J.) found the respondent in violation of probation, revoked his probation, and ordered into effect the 2-year suspended sentences.